UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                               )<br>     Plaintiff,                                        )<br>                                                               )<br>v.                                                          )     No. 4:19-CR-01006 SRC<br>                                                               )<br>TRACY LEE CERNICEK,                     )<br>                                                               )<br>     Defendant.                                      ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW, the United States of America, by and through Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Kyle T. Bateman, Assistant United States Attorney for said District and, for its Sentencing Memorandum states as follows:

1.      On December 10, 2019, the defendant, Tracy Lee Cernicek, pled guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343.  Sentencing in this matter is currently set for March 10, 2020.  As set forth in the Presentence Investigation Report, the defendant has an advisory guidelines sentence range under the United States Sentencing Commission of 33 to 41 months (Total Offense Level of 20, Criminal Category I).

2.      The Government submits that there is no basis, either in the law or the underlying facts and circumstances, that would justify a downward variance to a sentence less than the advisory guidelines range.  It is the Government's position that justice and fairness require a lengthy sentence of imprisonment in this case in order to adequately

1

reflect the seriousness of the offense, promote respect for the law, and provide just punishment for defendant's criminal offenses as is required by 18 U.S.C. § 3553(a)(2)(A).  As such, the Government respectfully suggests that a sentence within the guidelines range of 33 to 41 months is reasonable and defers to this honorable Court concerning the sentence to be imposed.

3. Title 18, United States Code, Section 3553(a) sets out the factors this Court should consider in fashioning an appropriate sentence.  The first such factor to be considered is the nature of the offense and the history and characteristics of the defendant.  *See* 18 U.S.C. § 3553(a)(1).

4. The defendant perpetrated a two-and-a-half year long scheme to defraud her employer (the "Company") and its customers that began approximately one year after she was first hired to supervise the credits and collection department.  This scheme was carried out in several different ways.

5. First, the defendant accessed accounting records to identify the Company's customers who were owed a refund, and fraudulently and without permission, altered refund transactions so that refunds were paid to the defendant instead of the customer.  In total, there were 130 different customers whose refunds (totaling $106,862.94) were fraudulently diverted to defendant.  Each and every one of these customers was victimized by the defendant's conduct.

6. Second, the defendant fraudulently and without permission altered checks payable to the Company in order to deposit them directly into her own bank account.  In total, the defendant successfully deposited 17 checks (totaling $29,675.06) into her

account, and attempted to deposit an additional 2 checks (totaling $44,916.40), but was unsuccessful.

7. The defendant was able to continue her scheme for more than two years because she manipulated the Company's accounting software in a way that made it difficult to detect the embezzled funds. In addition, the majority of the stolen monies were related to the closing of a subsidiary of the Company. The defendant was responsible for overseeing this closing, and abused this position of trust in order to strategically select transactions for theft that she knew would be difficult for the Company to detect.

8. The Company expended significant time and resources to unravel the scope and extent of the defendant's scheme. In fact, the Company needed to engage a consultant in order to recover historical files and ensure that each victim was properly identified.

9. The monies that the defendant embezzled were spent on day-to-day living expenses, such as to purchase clothing and accessories and to eat at restaurants. The defendant also used the monies to travel to places like Puerto Vallarta, Mexico; Cabo San Lucas, Mexico; the United Kingdom; Las Vegas, Nevada; and Tampa, Florida.

10. This Court's sentence should also afford adequate deterrence to criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(B). In white-collar offenses where the motivation is greed, and criminal actors often calculate the financial gain and risk of loss, deterrence is of paramount importance. *See, e.g., United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006) (quoting Stephanos Bibas, *White-Collar Plea Bargaining and*

*Sentencing After* Booker, 47 WM. & MARY L. REV. 721, 724 (2005)) ("Because economic and fraud-based crimes are 'more rational, cool, and calculated than sudden crimes of passion or opportunity,' these crimes are 'prime candidate[s] for general deterrence.'"). The Court should fashion an appropriate sentence and punishment not only to deter this defendant from future criminal conduct, but to also deter other individuals in similar trusted high level positions from committing similar crimes.

11. Based on the foregoing, the Government respectfully suggests that a sentence within the guidelines range (33 to 41 months) is sufficient, but not greater than necessary, to adequately reflect the seriousness of the offense, promote respect for the law, and provide just punishment for defendant's criminal offenses, and defers to this honorable Court concerning the sentence to be imposed.

                                              Respectfully submitted,

                                              JEFFREY B. JENSEN
                                              United States Attorney

                                              */s/ Kyle T. Bateman*
                                              KYLE T. BATEMAN, #996646(DC)
                                              kyle.bateman@usdoj.gov
                                              Assistant United States Attorney
                                              111 South 10th Street, Room 20.333
                                              St. Louis, Missouri  63102
                                              (314) 539-2200

## CERTIFICATE OF SERVICE

      I hereby certify that on March 6, 2020, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

      */s/  Kyle T. Bateman*
KYLE T. BATEMAN, #996646(DC)
kyle.bateman@usdoj.gov
Assistant United States Attorney